PETER NISKA v. INTERNATIONAL LUMBER COMPANY.[1]

October 31, 1924.

No. 24,150.

**Verdict sustained.**
> In the record we find nothing justifying an interference with the verdict and cannot consider, as ground for reversal, a proposition which was not even suggested at the trial as having any bearing on the case.

Action in the district court for Itasca county to recover possession of certain logs or for $360, their value. The case was tried before Stanton, J., and a jury which returned a verdict for the

[1]Reported in 200 N. W. 467.

amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Willard A. Rossman,* for appellant.

*Howard W. Anderson,* for respondent.

STONE, J.

Replevin for certain logs with a verdict for their value against defendant. This appeal is from the order denying a new trial. An examination of the record discloses nothing which will warrant our interference with the verdict. The evidence of ownership is conclusive, but that concerning quantity and value unsatisfactory. It is sufficient, however, to support the verdict, particularly now that the trial judge has declined to set it aside.

The principal argument for reversal is that under G. S. 1913, § 5474, the logs in question, having been found in waters navigable and actually used for logging purposes, not being in the possession or under the control of plaintiff, and having no distinctive mark, should have been "deemed abandoned" by plaintiff. The case was tried without any reference to that statute. Its bearing on the case, if it has any, was not suggested. The charge proceeded upon the theory that there was no question of abandonment, actual or statutory, in the case. No criticism was made of it. Therefore, to urge abandonment for the first time on appeal, is a complete departure from the theory upon which the case was tried. We must, therefore, decline to consider that phase of the case.

However, without deciding the point, we may observe that, in view of the fact that when the logs were being taken by defendant, its responsible representative recognized plaintiff's title and promised settlement accordingly, there might be difficulty in establishing abandonment even of the unmarked logs. There is no denial that plaintiff asserted his ownership when the logs were being taken and that defendant's representative recognized plaintiff's title and promised to settle. Their failure to agree upon the amount resulted in this lawsuit. In such a situation the plea of abandonment by plaintiff has questionable support.

Order affirmed.